UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Aisha T. Greene, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-cv-00279-BHH |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Georgetown County School District, ) | |
| *Georgetown County, South Carolina*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Aisha T. Greene ("Plaintiff") complaint against Defendant Georgetown County School District ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"). On November 15, 2021, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 24.) Thereafter, Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply. (ECF Nos. 25 & 26.)

On July 12, 2022, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. (ECF No. 30.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 31 & 32.) For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and grants Defendant's motion for summary judgment.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56©). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In deciding the motion, all evidence is viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background and evidence of record in great detail, and no party has specifically objected

2

to this portion of the Report. Accordingly, the Court incorporates by specific reference the background facts set forth in the Report and repeats only what is necessary to evaluate Plaintiff's objections to the Magistrate Judge's Report, as set forth below.

## I.     Scope of Plaintiff's Charge of Discrimination

In her Report, the Magistrate Judge first evaluated the scope of the administrative charge of discrimination ("charge") that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. As the Magistrate Judge explained, only those discrimination claims stated in an administrative charge, those reasonably related to the original charge, and those developed by reasonable investigation of the original charge may be maintained in a subsequent lawsuit. *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Additionally, Title VII establishes certain limitations periods for filing a charge of discrimination: "the basic limitations period is 180 days after the alleged unlawful employment practice but can be extended to 300 days in a deferral state if state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency." *Gerald v. Olsten*, No. 4:20-cv-2555-CMC-KDW, 2021 WL 1394669, at *2 (D.S.C. Feb. 9, 2021) (citation and internal quotation marks omitted), *report and recommendation adopted*, No. 4:20-cv-2555-CMC, 2021 WL 960509 (D.S.C. March 15, 2021).

Here, because Plaintiff limited the allegations in her charge the time period from July 1, 2019 through September 15, 2019, the Magistrate Judge found that Plaintiff failed to exhaust her administrative remedies with regard to alleged discriminatory acts that occurred before July 1, 2019, or after September 15, 2019. (ECF No. 30 at 11–12.) Plaintiff

did not make any argument about the time frame limitation of her claims in response to Defendant's motion for summary judgment; nor has Plaintiff filed any specific objections to the Magistrate Judge's findings on this issue. After review, the Court agrees with the Magistrate Judge's analysis and finds no clear error. Thus, the Court finds that, to the extent Plaintiff bases any of her claims of discrimination on employment decisions made before July 1, 2019, or after September 15, 2019, Defendant is entitled to judgment as a matter of law on those claims due to Plaintiff's failure to exhaust administrative remedies. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) (holding defendant entitled to judgment as a matter of law where plaintiff's administrative charges referenced "different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit").

## II.    Plaintiff's Pay Discrimination Claim

Next, in her Report, the Magistrate Judge explained that Plaintiff has not offered direct evidence of discrimination on the basis of her race; therefore, the Magistrate Judge analyzed Plaintiff's claims under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As the Magistrate Judge explained, the *McDonnell Douglas* framework places upon a plaintiff the initial burden of establishing a prima facie case of discrimination. Once the plaintiff establishes a prima facie claim, then the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). "Finally, if the employer carries this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence

that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 253 (1983)).

Because Plaintiff's claims involve alleged pay discrimination, the Magistrate Judge explained that plaintiff must present evidence that: (1) she is a member of a protected class; (2) she was performing her job satisfactorily; (3) she was subjected to an adverse employment action; and (4) the circumstances suggest an unlawfully discriminatory motive. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir. 2019), *as amended* (Mar. 26, 2019). Further, "Where, as here, the prima facie case of wage discrimination is based on comparators, the plaintiff must show that she is paid less than [people outside her protected class] in similar jobs." *Id.* In her Report, the Magistrate Judge outlined the relevant evidence and concluded that Plaintiff cannot establish a prima facie case of discrimination because she failed to show that similarly situated employees outside of her protected class were treated more favorably; specifically, she failed to produce evidence showing that she was similarly situated to any proffered comparator. (ECF No. 30 at 13–15.)

In her objections, Plaintiff contends that she has met her burden to establish a prima facie case of discrimination and requests that the Court deny Defendant's motion for summary judgment. Specifically, Plaintiff asserts that she has successfully shown she was paid less than people outside her protected class in similar jobs. (ECF No. 31 at 7.) Plaintiff revisits previous arguments about two of her proposed comparators, Elise Tiller and William Johnson (*compare id.* at 7–8, *with* ECF No. 25 at 8–9), but does not explain how those comparators' duties, qualifications, and responsibilities were materially similar

to her own. In addition, Plaintiff argues:

> Because the Plaintiff is the only individual in her specific role, there is no other way in which to illustrate the wage discrimination based [on] her race which she experienced than to compare her situation with white employees given payment privileges while she was demonstrably paid less as a coordinator than other white coordinators as well as a white employee who shared the same role as her and received a higher pay promotion to become a secretary.

(*Id.* at 8.)

After de novo review, the Court finds Plaintiff's objections wholly without merit. Magistrate Judge Cherry reviewed the evidence provided as to each of Plaintiff's proposed comparators, including Ms. Tiller and Mr. Johnson, and determined that Plaintiff failed to demonstrate that she and her comparators were similarly situated. The Court agrees. Plaintiff has not shown that she had the same job description as her comparators, was subject to the same standards, was subordinate to the same supervisor, or had comparable experience, education, or other qualifications. (*See* ECF No. 30 at 14–15.) Plaintiff cannot avoid the requirement to show material similarity between her position and those of her comparators merely by pointing to the common title "coordinator." *Watts v. S.C. Dep't of Corr.*, No. 3:17-CV-2376-JMC-TER, 2019 WL 2090789, at *4 (D.S.C. Jan. 29, 2019) (citing *Gustin v. West Virginia Univ.*, 63 Fed. App'x 695, 698 (4th Cir. 2003)), *report and recommendation adopted*, No. 3:17-CV-02376-JMC, 2019 WL 1122934 (D.S.C. Mar. 11, 2019) ("Similarity in titles, however, is not enough."). The objections are overruled.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds

6

no merit to Plaintiff's objections. Therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 30); overrules Plaintiff's objections (ECF No. 31); and grants Defendant's motion for summary judgment (ECF No. 24), thereby dismissing this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 16, 2022
Charleston, South Carolina